﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200116-74222
DATE: March 31, 2021

REMANDED

The issue of entitlement to recognition of K.W. as the dependent child of the Veteran on the basis of permanent incapacity for self-support prior to attaining the age of 18 is remanded for further development.

REASONS FOR REMAND

The Veteran served on active duty from February 1985 to February 1991 in the United States Navy.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA).  This law created a new framework for Veterans dissatisfied with a Department of Veterans Affairs’ (VA) decision on their claim to seek review. 

On October 21, 2019, VA received a VA Form 20-0995, Supplemental Claim, from the Veteran seeking VA’s recognition of his son K.W. as a dependent to his award on the basis of permanent incapacity for self-support prior to attaining the age of 18. On December 6, 2019, the Agency of Original Jurisdiction (AOJ) issued a decision letter denying the Veteran’s claim.

Thereafter, on January 16, 2020, the Veteran appealed this December 2019 decision to the Board of Veterans’ Appeals (Board) by filing a VA Form 10182, Notice of Disagreement (NOD). On his NOD, he selected the Hearing review option. Pursuant to this choice, the Veteran and his spouse testified at a Board hearing on October 14, 2020. A transcript of the hearing is of record.

Based upon the Veteran’s choice of the Hearing review option, the Board may consider evidence (1) associated with the claims file up to the date of the December 6, 2019 decision on appeal, and (2) from October 24, 2020 to January 22, 2021—the 90-day period following the Board hearing. See 38 C.F.R. §§ 3.151(d), 3.2400, 20.302.

Recognizing K.W. as a Dependent

In September 2013, prior to the issuance of the December 2019 decision on appeal, the Veteran submitted a copy of an April 2012 letter from the Social Security Administration (SSA) Office of Disability Adjudication and Review indicating that a claim for Supplemental Security Income (SSI) filed on his son K.W.’s behalf was granted as fully favorable. Attached to the notification letter was a copy of the decision itself which referenced several evaluative reports, including a February 2011 report from neuropsychologist Dr. Bobulinski. However, a complete copy of this report was not associated with the claims file prior to December 6, 2019.

During the October 2020 Board hearing, the Veteran remarked that Dr. Bobulinski began evaluating K.W. when he was in elementary school. See Hearing Tr. at 34. Additionally, the Veteran noted that K.W. had filed an initial application for SSI prior to his 18th birthday which was denied. Id. 

A review of the claims file indicates that, while the Veteran submitted copies of several documents from SSA related to disability claims filed on K.W.’s behalf, the AOJ did not attempt to obtain complete records from SSA prior to issuing the December 6, 2019 decision. Such records are relevant to the current issue on appeal as they could contain evidence regarding K.W.’s capacity for self-support prior to turning the age of 18. 

As provided in 38 C.F.R. § 3.159(c)(2), VA’s duty to assist includes attempting to obtain records in the custody or a Federal department or agency. As the AOJ did not attempt to obtain complete SSA records in this case—which could include records of treatment provided by Dr. Bobulinski prior to K.W. turning 18—the AOJ’s failure to do so constituted a predecisional duty to assist error warranting remand. 

The matter is REMANDED for the following action:

Obtain K.W.’s federal records from the Social Security Administration associated with any disability benefits claims—including copies of any decisions and copies of medical records relied upon concerning that claim—filed on K.W.’s behalf. Document all requests for information as well as all responses in the claims file. If no such records exist, the claims file should be annotated to reflect as such and the Veteran notified as such.

 

 

S.C. KREMBS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N.S. Pettine, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.